IN THE UNITED STATES DISTRICT COURT

OF NORTH CAROLINA

ASHEVILLE DIVISION

FILED
ASHEVILLE, NC

JAN 0 7 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

Cody Lee Anderson,

Plaintiff

Vs.

OFFICER SPENCER SHOOK,
BADGE # P58SS1, and the
MARION POLICE DEPARTMENT,
City of MARION North Carolina,
41st District DA TED BELL,
41st District ADA KENT BROWN,
The STATE of NORTH CAROLINA,

Defendants

Cause 1:26-CV-7-MR-WCM

42 U.S.C. § 1983 SUIT FOR
DAMAGES DUE TO
DEPRAVITION OF
RIGHTS UNDER COLOR OF LAW

Comes now Cody Lee Anderson, herein after known as Plaintiff and complains severally and jointly of STATE OF NORTH CAROLINA, The CITY OF MARION, MARION POLICE DEPARTMENT, hereinafter known as MPD of NORTH CAROLINA and one of their officers, SPENCER SHOOK, BADGE # P58SS1 hereinafter known as Defendants. And for the following good and sufficient reasons would show the Honorable Court that the Plaintiff has been irreparably damaged by their illegal activity and for the following good and sufficient reasons that damages should be awarded/granted;

42USC1983 Petition against Marion Police Department and Officer Spencer Shook
25-08-15
Page 1 of 23
Case 1:26-cv-00007-MR-WCM     Document 1     Filed 01/07/26     Page 1 of 23

# I

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1341, 1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because Plaintiffs and all Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiffs' claims occurred within this district.

# II.

## PARTIES AND SERVICE

1. Cody Lee Anderson (hereinafter, Plaintiff) domiciles within the state of North Carolina and within this judicial district.

2. SPENCER SHOOK, badge # P58SS1 is a police officer employed by the CITY OF MARION, NORTH CAROLINA.

3. The MARION POLICE DEPARTMENT

4. The CITY OF MARION, NORTH CAROLINA.

5. 41st District DA TED BELL

6. 41st District ADA KENT BROWN.

7. The STATE OF NORTH CAROLINA, that may be served thru the NORTH

42USC1983 Petition against Marion Police Department and Officer Spencer Shook
25-08-15
Page 2 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 2 of 23

CAROLINA DEPARTMENT OF JUSTICE, ATTN. ATTORNEY
GENERAL, 9001 Mail Service Center, Raleigh, NC 27699. With further
service at NC Attorney General **Jeff Jackson,** Physical location: 114 W.
Edenton St. Raleigh NC 27603

8. At all relevant times, Defendant, SPENCER SHOOK was on duty and acted
   under the auspicious of the MPD and under color of law acted not only in
   his own behalf, but also in the behalf of his employer the MARION POLICE
   DEPARTMENT in the service of the CITY OF MARION, NORTH
   CAROLINA in the deprivation of Plaintiffs' God given and Constitutionally
   protected rights.

## III.

## FACTS RELEVANT TO ALL CLAIMS

1. On or about August 2, 2025, at about 11:30 p.m., Plaintiff was on foot in the
   vicinity of E. Henderson Street and S. Main Street in the City of Marion.

2. Plaintiff had been knocked down, was on the ground, and was being beaten
   and stomped on by several assailants.

3. Plaintiff was attempting to prevent Plaintiff's simi-automatic pistol from
   being taken by one of the assailants from his holster by gripping the upper
   receiver with his right hand, putting one finger behind the trigger so that his
   assailant could not fire the weapon into Plaintiffs' body.

42USC1983 Petition against Marion Police Department and Officer Spencer Shook
25-08-15
Page 3 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 3 of 23

4. One Reginald Prieto, an alleged dealer in controlled substances, claimed to Officer Spencer Shook that Plaintiff had drawn his firearm and "pointed it at his stomach".

5. At no time did Plaintiff point a gun at Mr. Reginald Prieto, or anyone else for that matter.

6. Officer Spencer Shook failed to arrest any of the assailants that had severally and jointly assaulted the Plaintiff.

7. Officer Spencer Shook did then seize Plaintiffs' pistol, arrest Plaintiff, then placed Plaintiff in handcuffs and transported him to police lockup.

8. Plaintiff was then charged with CARRYING A CONCEALED WEAPON (NC GS14-269(A)) and ASSAULT BY POINTING A GUN (NC GS 14-34) in direct violation to Amendment II of the Constitution for the U.S.A.

## IV.

## CLAIM I.

## FACTS RELEVANT TO PLAINTIFFS' CLAIMS AGAINST OFFICER SPENCER SHOOK

1. MPD Officer Spencer Shook, with blatant disregard for the rights defined in Amendment II, being the Supreme Law of the Land violated Plaintiffs' right to keep and bear arms without infringement.

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 4 of 23
Case 1:26-cv-00007-MR-WCM     Document 1     Filed 01/07/26     Page 4 of 23

2. **Amendment II** to the **Constitution** does not restrict the bearing of arms in any way shape or form, including concealment. MPD Officer Spencer Shook intentionally ignored this as evidenced by filing charges under North Carolina State law CARRYING A CONCEALED WEAPON (NC GS14-269(A)), a law that is null and void under SUPREME COURT OF THE UNITED STATES, hereinafter known as "SCOTUS" ruling *Marbury vs Madison 1803 5 U.S. 1 Cranch 179* and therefore cannot be prosecuted.

3. Furthermore; as the right to bear arms is guaranteed by the highest law of the land and cannot be overruled by any lower rule or law, then if the Plaintiff had actually brandished or pointed his weapon at an individual in a situation where the Plaintiffs' blood or person was clearly at risk to cause the assailant to back-off so that the Plaintiff could safely extricate himself from the situation and any further risk or threat to his person, then this is by wisdom the best approach/solution to the only alternative of shooting the assailant, and therefore the charge of "ASSAULT BY POINTING A GUN (NC GS 14-34)" cannot apply. It is always better to resist shooting an assailant if the assailant can be simply scared off. Therefore, while the North Carolina statute may have some validity or application in certain circumstances however, in this circumstance it is a direct violation of both good sense and the Plaintiffs' rights. If you also consider the assailant as having not been

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 5 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 5 of 23

shot versus being threatened/scared-off, then the assailant is part of a win-win solution to the assailant not being shot or dead for his or her travesty.

WHEREFORE, Plaintiff prays that this Court enter judgment in Plaintiffs' favor and against the individual defendants, and award damages as follows:

A. Compensatory damages;

B. Punitive damages as allowed by law;

C. Reasonable attorneys' fees, costs, and litigation expenses; and

D. Any other relief this Court deems just and appropriate.

# V.

## CLAIM II.

### FACTS RELEVANT TO PLAINTIFFS' CLAIMS AGAINST MARION POLICE DEPARTMENT

1. MARION POLICE DEPARTMENT, with blatant disregard for the rights defined in Amendment II, being the Supreme Law of the Land, violated Plaintiffs' right to keep and bear arms without infringement, not only trains their officers in the blatant disregard for the highest law of the land, i.e. the Constitution and the Bill-of-Rights but also expects its officers to carry-out these acts of insubordination against the **Constitution** and the people.

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 6 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 6 of 23

2. **Amendment II** to the **Constitution** does not restrict the bearing of arms in any way shape or form, including concealment. The MARION POLICE DEPARTMENT had Officer Spencer Shook intentionally ignore the aforementioned as evidenced by filing charges under North Carolina State law CARRYING A CONCEALED WEAPON (NC GS14-269(A)), a law that is null and void under SCOTUS ruling *Marbury vs Madison 1803 5 U.S. 1 Cranch 179* and therefore cannot be prosecuted.

3. Furthermore; as the right to bear arms is guaranteed by the highest law of the land and cannot be overruled by any lower rule or law, then if the Plaintiff had actually brandished or pointed his weapon at an individual in a situation where the Plaintiffs' blood or person was clearly at risk to cause the assailant to back-off so that the Plaintiff could safely extricate himself from the situation and any further risk or threat to his person, then, this is by wisdom the best approach/solution to the only alternative to shooting the assailant, and therefore the charge of "ASSAULT BY POINTING A GUN (NC GS 14-34)" cannot apply. It is always better to resist shooting the assailant if the assailant can be simply scared off. Therefore, while the North Carolina statute may have some validity or application in certain circumstances however, in this circumstance it is a direct violation of both good sense and the Plaintiffs' rights. If you also consider the assailant as having not been

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 7 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 7 of 23

shot versus being threatened/scared-off, then the assailant is part of a win-win solution to the assailant not being shot or dead for his or her travesty.

WHEREFORE, Plaintiff prays that this Court enter judgment in Plaintiffs' favor and against the individual defendants, and award damages as follows:

A. Compensatory damages;

B. Punitive damages as allowed by law;

C. Reasonable attorneys' fees, costs, and litigation expenses; and

D. Any other relief this Court deems just and appropriate.

## VI.

## CLAIM III.

## FACTS RELEVANT TO PLAINTIFFS' CLAIMS AGAINST

## THE CITY OF MARION

1. The CITY OF MARION, with blatant disregard for the rights defined in Amendment II, being the Supreme Law of the Land, violated Plaintiffs' right to keep and bear arms without infringement, in that it not only condones its Police Department and its officers in the blatant disregard for the highest law of the land, i.e. the Constitution and the Bill-of-Rights but, also expects its officers to carry-out these acts of insubordination against the **Constitution**

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 8 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 8 of 23

and the people. And furthermore, The CITY OF MARION has passed statutes in violation of Amendment II, to wit: "Sec. 11-1. Display of firearms prohibited" (which makes it a criminal act to use a firearm as a visible deterrent against criminal activity by making certain that criminals are on notice that the individual whom they might consider assaulting is armed), "Sec. 11-8. Discharge of firearms and fireworks prohibited", (which makes it a criminal act to use a firearm in the act of self-defense) and "Sec. 11-16. Weapons prohibited on city property". City property is property that is in ownership of the people, by the people and for the people. The people absolutely have the responsibility to exercise their right to keep and bear arms for their safety and the mutual safety of the community. When the guns are outlawed, only the outlaws with have guns! No one is going to walk into a supermarket and ask the clerk to suck on a 38-caliber straw when 16 of the 19 patrons standing in line could be packing heavy heat!

2. **Amendment II** to the **Constitution** does not restrict the bearing of arms in any way shape or form, including concealment. The CITY OF MARION has the MPD Officers, including Officer Spencer Shook, intentionally ignoring the aforementioned as evidenced by filing charges under North Carolina State law CARRYING A CONCEALED WEAPON (NC GS14-269.4.), a

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 9 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 9 of 23

law that is null and void under SCOTUS ruling ***Marbury vs Madison*** *1803 5 U.S. 1 Cranch 179* and therefore cannot be prosecuted.

3.  Furthermore; as the right to bear arms is guaranteed by the highest law of the land and cannot be overruled by any lower rule or law, then if the Plaintiff had actually brandished or pointed his weapon at an individual in a situation where the Plaintiffs' blood or person was clearly at risk to cause the assailant to back-off so that the Plaintiff could safely extricate himself from the situation and any further risk or threat to his person, then, this is by wisdom the best approach/solution to the only alternative of shooting the assailant, and therefore the charge of "ASSAULT BY POINTING A GUN (NC GS 14-34)" cannot apply. It is always better to resist shooting an assailant if the assailant can be simply scared off. Therefore, while the North Carolina statute may have some validity or application in certain circumstances however, in this circumstance it is a direct violation of both good sense and the Plaintiffs' rights. If you also consider the assailant as having not been shot versus being threatened/scared-off, then the assailant is part of a win-win solution to the assailant not being shot or dead for his or her travesty.

WHEREFORE, Plaintiff prays that this Court enter judgment in Plaintiffs' favor and against the individual defendants, and award

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 10 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 10 of 23

damages as follows:

    A. Compensatory damages;

    B. Punitive damages as allowed by law;

    C. Reasonable attorneys' fees, costs, and litigation expenses; and

    D. Any other relief this Court deems just and appropriate.

## VII.

## CLAIM IV.

## FACTS RELEVANT TO PLAINTIFFS' CLAIMS AGAINST

## D.A. TED BELL

1. TED BELL, The District Attorney for the Forty-First Prosecutorial District of NORTH CAROLINA in and thru his ADA KENT BROWN, with blatant disregard for the rights defined in **Amendment II**, being the Supreme Law of the Land, violated Plaintiffs' right to keep and bear arms without infringement. On August 20th 2025 at approximately 10:30am at the McDowell County Court House when his ADA KENT BROWN upon being advised of the travesties being propounded against Plaintiff did not take any action to stop the atrocities when his ADA KENT BROWN was provided by Plaintiff a "MOTION TO DISMISS" that showed good and sufficient reason to dismiss the charges against Plaintiff and his ADA KENT BROWN refused to dismiss on behalf of the Plaintiff. TED BELL being fully aware of

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 11 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 11 of 23

this is therefore complicit in all of the aforementioned crimes and an accessory. The question for both DA TED BELL & ADA KENT BROWN is "….where in the Constitution does it exclude the Plaintiff's right to keep and bear arms in that place?"

## VIII.

## CLAIM V.

## FACTS RELEVANT TO PLAINTIFFS' CLAIMS AGAINST

## ADA KENT BROWN

1. ADA KENT BROWN, The Assistant District Attorney for the Forty-First Prosecutorial District of NORTH CAROLINA, with blatant disregard for the rights defined in **Amendment II**, being the Supreme Law of the Land, violated Plaintiffs' right to keep and bear arms without infringement. On August 20th 2025 at approximately 10:30am at the McDowell County Court House when ADA KENT BROWN upon being personally advised and made aware of the travesties being propounded against Plaintiff did not take any action to stop the atrocities. ADA KENT BROWN was shown a "MOTION TO DISMISS" on behalf of the Plaintiff with the facts surrounding the charges and good and sufficient reason to dismiss the Un-Constitutional and un-lawful charges against the Plaintiff and therefore is complicit in all of the aforementioned crimes both personally and as an accessory.

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 12 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 12 of 23

2. ADA KENT BROWN not only condones the law enforcement agencies within his jurisdiction and its officers and deputies in blatant disregard of the highest law of the land, i.e. the **Constitution** and the **Bill-of-Rights** but, ADA KENT BROWN also expects those officers to carry-out these acts of insubordination against the people and the **Constitution** and thus is culpable in the act of forcing each and every Officer and Deputy to commit and be guilty of a felony in the second degree under Federal Statute 18 U.S.C. § 242, "DEPRAVATION OF RIGHTS UNDER COLOR OF LAW".

3. **Amendment II** to the **Constitution** does not restrict the bearing of arms in any way shape or form, including concealment, yet, on August 20th 2025 at approximately 10:30am at the McDowell County Court House when presented with the evidence that Plaintiff was being charged with and un-lawful and un-Constitutional statute of North Carolina State law; CARRYING A CONCEALED WEAPON (NC GS14-269.4.), a law that ADA KENT BROWN knows is null and void under SCOTUS ruling *Marbury vs Madison 1803 5 U.S. 1 Cranch 179* and therefore cannot be prosecuted, still is allowing/participating in attempting to prosecute the statute.

4. Furthermore; as ADA KENT BROWN knows the right to bear arms is guaranteed by the highest law of the land and cannot be overruled by any

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 13 of 23
Case 1:26-cv-00007-MR-WCM     Document 1     Filed 01/07/26     Page 13 of 23

lower rule or law, then ADA KENT BROWN knows that to brandished or pointed a weapon at a potential assailant in a situation where the Plaintiffs' blood or person was clearly at risk so as to cause the assailant to back-off so that the Plaintiff could safely extricate himself from the situation and any further risk or threat to his person, then, this is by wisdom the best approach/solution to the only other alternative to shooting the assailant, and is absolutely allowed. Therefore, ADA KENT BROWN knows the charge of "ASSAULT BY POINTING A GUN (NC GS 14-34)" cannot apply. It is always better to resist shooting an assailant if the assailant can be simply scared off so that they can be brought to trial for their crimes. Also, ADA KENT BROWN knows that the assailant as having not been shot versus being threatened/scared-off, yet ADA KENT BROWN still has not taken any action to date to dismiss the aforementioned un-Constitutional charges against the Plaintiff. The question for both DA TED BELL & ADA KENT BROWN is "….where in the Constitution does it exclude the Plaintiff's right to keep and bear arms in that place?"

WHEREFORE, Plaintiff prays that this Court enter judgment in Plaintiffs' favor and against the individual defendants, and award damages as follows:

    A. Compensatory damages;

    B. Punitive damages as allowed by law;

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 14 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 14 of 23

C. Reasonable attorneys' fees, costs, and litigation expenses; and

D. Any other relief this Court deems just and appropriate.

## VIII.

## CLAIM VI.

## FACTS RELEVANT TO PLAINTIFFS' CLAIMS AGAINST

## THE STATE OF NORTH CAROLINA

5. The STATE OF NORTH CAROLINA, with blatant disregard for the rights defined in **Amendment II**, being the Supreme Law of the Land, violated Plaintiffs' right to keep and bear arms without infringement, in that it not only condones the law enforcement agencies within its jurisdiction and their officers and deputies are in blatant disregard of the highest law of the land, i.e. the **Constitution** and the **Bill-of-Rights** but, also expects its officers to carry-out these acts of insubordination against the **Constitution** on the people thus forcing each and every Officer and Deputy to commit and be guilty of a felony in the second degree under Federal Statute 18 U.S.C. § 242, "DEPRAVATION OF RIGHTS UNDER COLOR OF LAW". And furthermore, has passed statutes in violation of Amendment II, to wit: "WEAPONS ON CERTAIN STATE PROPERTY AND IN COURTHOUSES (NC GS14-269.4.)" and "ASSAULT BY POINTING A GUN (NC GS 14-34)".

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 15 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 15 of 23

6. **Amendment II** to the **Constitution** does not restrict the bearing of arms in any way shape or form, including concealment. The STATE OF NORTH CAROLINA has the Officers and Deputies of NORTH CAROLINA, including Officer Spencer Shook, intentionally ignoring the aforementioned as evidenced by filing charges under North Carolina State law CARRYING A CONCEALED WEAPON (NC GS14-269.4.), a law that is null and void under SCOTUS ruling *Marbury vs Madison 1803 5 U.S. 1 Cranch 179* and therefore cannot be prosecuted.

7. Furthermore; as the right to bear arms is guaranteed by the highest law of the land and cannot be overruled by any lower rule or law, then if the Plaintiff had actually brandished or pointed his weapon at an individual in a situation where the Plaintiffs' blood or person was clearly at risk to cause the assailant to back-off so that the Plaintiff could safely extricate himself from the situation and any further risk or threat to his person, then, this is by wisdom the best approach/solution to the only other alternative to shooting the assailant, and therefore the charge of "ASSAULT BY POINTING A GUN (NC GS 14-34)" cannot apply. It is always better resist shooting an assailant if the assailant can be simply scared off. Therefore, while the North Carolina statute may have some validity or application in certain circumstances however, in this circumstance it is a direct violation of both good sense and

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 16 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 16 of 23

the Plaintiffs' rights. If you also consider the assailant as having not been shot versus being threatened/scared-off, then the assailant is part of a win-win solution to the assailant being not shot or dead for his or her travesty. The question for The STATE OF NORTH CAROLINA is "....where in the Constitution does it exclude the Plaintiff's right to keep and bear arms in that place?"

WHEREFORE, Plaintiff prays that this Court enter judgment in Plaintiffs' favor and against the individual defendants, and award damages as follows:

    E. Compensatory damages;

    F. Punitive damages as allowed by law;

    G. Reasonable attorneys' fees, costs, and litigation expenses; and

    H. Any other relief this Court deems just and appropriate.

## IX.

## CLAIM VII.

## VIOLATION OF THE FOURTH AMENDMENT –

## FALSE ARREST

1. This count is pled against the individual Defendant; Officer Spencer Shook on behalf of Plaintiff.

2. Under the **Fourth** and **Fourteenth Amendments** to the **U.S. Constitution**,

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 17 of 23
Case 1:26-cv-00007-MR-WCM   Document 1   Filed 01/07/26   Page 17 of 23

Plaintiff has a right to be free from arrest without probable cause.

3. Plaintiffs' rights under the **Fourth** and **Fourteenth Amendments** are enforceable under 42 U.S.C. § 1983.

4. The defendant had no probable cause to believe that Plaintiff was committing or had committed a crime at the time Officer Spencer Shook placed him under arrest.

5. Defendants SHOOK's complaint using North Carolina State law CARRYING A CONCEALED WEAPON (NC GS14-269(A)), a law that is null and void under **SCOTUS** ruling *Marbury vs Madison 1803 5 U.S. 1 Cranch 179* and therefore is void and cannot constitute the basis for probable cause or prosecution.

6. The Defendants' actions were undertaken within the scope of his employment, while on duty with Marion PD, and under color of law.

7. As a result of his arrest and detention without probable cause by the Defendant, Plaintiff has suffered physical, emotional, and financial injuries.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the individual defendants, and award damages as follows:

A. Compensatory damages;

B. Punitive damages as allowed by law;

C. Reasonable attorneys' fees, costs, and litigation expenses; and

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 18 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 18 of 23

D. Any other relief this Court deems just and appropriate.

## X.

## STATE LAW INTENTIONAL INFLICTION OF EMOTIONAL DESTRESS

1.  This count is pled against all Defendants on behalf of Plaintiff.

2.  The individual Defendants' actions were objectively extreme and outrageous under the circumstances.

3.  The Defendant, MPD Officer SPENCER SHOOK'S actions were taken intentionally with malice, willfulness, and reckless indifference to the rights and safety of Plaintiff.

4.  The actions of the individual Defendant, Office SPENCER SHOOK was undertaken within the scope of his employment with the MARION POLICE DEPARTMENT, CITY OF MARION, and the STATE OF NORTH CAROLINA.

5.  The City of MARION and the STATE OF NORTH CAROLINA are liable as principal for all torts committed by its agents.

6.  As a result of the actions of the Defendant, Plaintiff has sustained severe emotional injuries.

WHEREFORE, Plaintiff prays that this Court enter judgment in his favor and against the individual Defendants, and award damages as follows:

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 19 of 23
Case 1:26-cv-00007-MR-WCM     Document 1     Filed 01/07/26     Page 19 of 23

A. Compensatory damages;

B. Punitive damages as allowed by law;

C. Any other relief this Court deems just and appropriate.

## XI.

## ARGUEMENT

The Declaration of Independence is quoted as "We hold these Truths to be self-evident, that all Men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty, and the pursuit of Happiness—That to secure these Rights, Governments are instituted among Men, deriving their just Powers from the **Consent of the Governed**", with specific emphasis on "That to secure these Rights, Governments are instituted among Men, deriving their just Powers from the **Consent of the Governed**". Abraham Lincoln in his November 19th 1863 Gettysburg Address concluded his speech with the following words "and that government of the people, by the people, for the people, shall not perish from the earth." thus, reiterating the structure of our government. When the people do not have time, do not feel safe, do not have the skills, do not have the money, or just don't want to do certain jobs, the people hire help. They hire air-traffic controllers, forestry workers, transportation/highway workers, law enforcement officers, long-shoremen, Presidents, Sheriffs, Judges, Governors, etc. By-the-way, those last four jobs listed are not just hired-help but, temp help. And

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 20 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 20 of 23

those in-alienable rights reserved for the people were never surrendered or abdicated to the hired help. **Amendment IX** makes it very clear that any/all rights previously held by the people, including those defined in the Declaration of Independence, are still held and valid. To wit: "*The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.*" This government is a government of the people. The people do not serve the government or the hired help. Our government and the hired help serve the people. The aforementioned actions of the Defendants, our/the people's employees, severally and jointly is abominable. This behavior cannot be either condoned or tolerated. All of the Un-**Constitutional** statutes regarding arms need to be removed from the books. This is especially true for all of the law enforcement employees that are unaware of **SCOTUS** decisions like *Marbury vs Madison 1803 5 U.S. 1 Cranch 179* which does not require that any notice or adjudication occur to make it void. If a law enforcement employee, judiciary or prosecutor attempts to enforce one of these Un-**Constitutional** statutes, the first thing that occurs is that their Constitutionally required **Article VI**, "oath-of-office" is now void and they no longer execute the authority, privileges or amenities of office and are immediate removable from office. In the case of Judiciary, while that are immediately removable from office they are still required to be impeached as per **Article III** of the **Constitution**. The second thing that occurs is that they are

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 21 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 21 of 23

now guilty of a felony in the second degree under Federal Statute 18 U.S.C. § 242, "DEPRAVATION OF RIGHTS UNDER COLOR OF LAW" and subject to immediate arrest. Under **Article III, Section I, line II** of the **Constitution** There is no such thing as Judicial immunity.

Therefore; having these Un-**Constitutional** statutes stricken from the books as soon as possible to prevent the loss of good government employees like Judges, law Officers, etc. is of primer importance.

## XII.

### Jury Demand

Plaintiff respectfully demands a trial by jury.

## XIII.

### PRAYER

**Wherefore;** Premises considered, in-light of the fact that none of the Defendants considered "where in the Constitution does it exclude the Plaintiff's right to keep and bear arms in that place?", Plaintiff prays that the Honorable Court enjoin Defendant Officer SPENCER SHOOK from any further service in law enforcement, and further enjoin the MARION POLICE DEPARTMENT from any other further Un-Constitutional activity.

**Furthermore;** Plaintiff prays that for irreparable damages and injuries suffered due to Defendants actions being irreversibly changed and the relevant justice denied that the Honorable court grant the sum of Six-Million-Dollars

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 22 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 22 of 23

($6,000,000.00) in punitive damages be granted from defendants and or whatever sources derivable by Defendants, One Million Dollars ($1,000,000.00) each.

Plaintiff reserves the right to amend these pleadings as necessary.

Respectfully submitted

Cody Lee Anderson
99 Glen Forrest Dr.
Nebo NC [28761]
(828) 767-9380
sumariansilica828@gmail.com

42USC1983 Petition against Marion Police Department, Officer Spencer Shook et.al.
25-12-08
Page 23 of 23
Case 1:26-cv-00007-MR-WCM    Document 1    Filed 01/07/26    Page 23 of 23